[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10341
Non-Argument Calendar
_____

D.C. Docket No. 6:14-cv-00950-CEM-KRS

REX D. HILL,

Plaintiff - Appellant,

versus

ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 17, 2017)

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Rex Hill, alleging damages less than $75,000, sued Allianz Life Insurance in

state court for defamation.  A little more than a year later he moved to amend his

complaint to allege damages greater than $75,000.  Allianz in turn removed the action to district court based on diversity jurisdiction.  Seeking remand, Hill argued to the district court that the amount-in-controversy requirement for diversity jurisdiction was not satisfied and that 28 U.S.C. § 1446(c) barred removal since he commenced the action in state court more than a year before the removal.  The district court rejected both arguments.  It concluded that (1) Allianz's removal documents established that more than $75,000 was in controversy and (2) 28 U.S.C. § 1446(c)'s one-year period for removal was inapplicable because Hill, in bad faith, concealed information about his alleged damages.  The parties then proceeded to discovery, after which the district court entered summary judgment for Allianz.  Hill's defamation claim is time barred, the district court held, and even if the claim is timely, it fails based on the doctrine of invited defamation.

Hill now appeals, asserting that the district court lacked jurisdiction and that it erred in granting summary judgment.  After careful consideration of the record and the parties' briefs, we affirm substantially for the reasons set forth by the district court in its orders.

**AFFIRMED.**